

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Board of Insurance Commissioners
Austin, Texas

Dear Sirs:                        Attention:  Hon. George Van Fleet

Opinion No. O-3196
Re:  Liability of the Washington
     National Insurance Company for
     taxes on certain insurance
     premiums.

We received your letter dated February 20, 1941,
and same reads as follows:

"The Washington National Insurance Company
of Illinois has presented this Department with cer-
tain factual information and with a request for
a ruling as to whether or not the Washington Na-
tional Insurance should be required to pay to the
State of Texas premium taxes on premiums received
from policies issued by the National Life Insurance
Company of the United States of America.

"We are forwarding to you the various docu-
ments and information furnished us by the Wash-
ington National Insurance Company, and your opinion
is respectfully requested as to whether or not the
Washington National should continue to pay to the
State of Texas from the National Life Fund taxes
on premiums received from citizens of Texas upon
policies of insurance issued by the National Life
Insurance Company of the United States of America."

Briefly, the facts presented to us concerning the
Washington National Insurance Company, hereafter referred to
as Washington National; National Life Insurance Company of
the United States of America, hereafter referred to as National
Life and the Hercules Life Insurance Company, hereafter re-
ferred to as Hercules, are as follows:

The National Life was licensed in Texas for a number
of years prior to the appointment of a receiver for said

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Board of Insurance Commissioners, Page 2

company on October 7, 1933, at which time it held a license expiring February 28, 1934.

The Hercules was licensed in Texas on February 27, 1934, and, upon filing its first return, included therein premiums from date of National Life receivership to December 31, 1934, and continued to pay taxes on the premiums collected on National Life policies until its merger with Washington National.

For the year 1939, the Washington National paid the following taxes on premiums collected on National Life policies:

On Life                                              $2,348.19
    ($93,927.07 premiums collected)

On Accident and Health                                44.39
    ($1,366.00 premiums collected)

It is with respect to the taxes on National Life premiums for the year 1940 and subsequent years, to and including the year 1948, that claim for exemption is made. No claim for refund on similar taxes paid for the years 1934 to 1939 is now made.

It appears that the receiver for National Life entered into an agreement with Hercules, which is termed a Certificate of Assumption, wherein Hercules took legal title to all of the assets of National Life. Hercules assumed full liability to pay all claims of National Life policyholders. It appears that assets of National Life were insufficient to meet the cash reserve value of the National Life policies. To meet this situation a lien of fifty per cent (50%) was assessed against the reserve value of certain National Life policies. Hercules agreed to place all assets of National Life, together with all premiums collected from National Life policyholders, into a fund to be termed the National Life Fund. This agreement was for fifteen (15) years and terminates December 31, 1948. The purpose for doing this was to attempt to erase the fifty per cent (50%) liens on the National Life policies. The agreement further provides that this plan shall terminate on December 31, 1948, and Hercules then will handle this business as it sees fit. On December 31, 1948, if there is an insufficient amount in the National Life fund to cancel the liens, then as to the insufficiency, a permanent lien will be placed against such policies.

Board of Insurance Commissioners, Page 3

Since Washington National has taken over Hercules through a merger, it apparently takes over the position formerly occupied by Hercules. The Washington National was licensed in Texas on December 10, 1923, and has been continuously licensed here since that time.

Article 4769, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Each life insurance company not organized under the laws of this State, transacting business in this State, shall annually, on or before the 1st day of March, make a report to the Commissioner, which report shall be sworn to by either the president or vice president and secretary or treasurer of such company, which shall show the gross amount of premiums collected during the year ending on December 31st, preceding, from citizens of this State upon policies of insurance. Each such company shall pay annually a tax equal to four and sixty-five hundredths (4.65) per cent of such gross premium receipts."

Article 4772, Vernon's Annotated Civil Statutes, reads, as follows:

"Each life insurance company not organized under the laws of this State, hereafter granted a certificate of authority to transact business in this State, shall be deemed to have accepted such certificate and to transact such business hereunder subject to the conditions and requirements that, after it shall cease to transact new business in this State under a certificate of authority, and so long as it shall continue to collect renewal premiums from citizens of this State, it shall be subject to the payment of the same occupation tax in proportion to its gross premiums during any year, from citizens of this State, as is or may be imposed by law on such companies transacting new business within this State, under certificates of authority during such year. The rate of such tax to be so paid by any such company shall never exceed the rate imposed by this chapter upon insurance companies transacting business in this State. Each such company shall make the same reports of its gross premium receipts for each such year and within the same period as

Board of Insurance Commissioners, Page 4

is or may be required of such companies holding
certificates of authority and shall at all times
be subject to examination by the Commissioner of
Insurance or some one selected by him for that
purpose, in the same way and to the same extent
as is or may be required of companies transacting
new business under certificates of authority in
this State, the expenses of such examination to
be paid by the company examined. The respective
duties of the Commissioner in certifying to the
amount of such taxes and of the State Treasurer
and Attorney General in their collection shall be
the same as are or may be prescribed respecting
taxes due from companies authorized to transact
new business within this State."

Article 4774, Vernon's Annotated Civil Statutes, reads
as follows:

"Any company which shall fail to renew its
certificate of authority or continue to write new
business in this State, shall, nevertheless, have
the right to maintain agents in Texas for the pur-
pose of collecting renewal premiums on outstanding
business written by it under certificate of au-
thority, and also for the purpose of making in-
vestments as provided by this chapter."

We are informed that the receiver, after entering
into the agreement with Hercules and turning over all of the
business and property of National Life to Hercules, has been
discharged by the court in which said receivership was pending.
As already mentioned, Washington National has taken over the
Hercules.

There is no doubt that Washington National has legal
title to all of the National Life business. Washington National
is now licensed to do business in Texas and is collecting the
premiums on the National Life policies from Texas policyholders.
These premiums are actually being collected in the State of
Texas.

It is our opinion that the Washington National,
whether it be acting as agent or for itself, is exercising
a privilege in Texas which obligates it to pay the premium

Board of Insurance Commissioners, Page 5

tax on premiums collected on National Life policies in this State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

OCT 17, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Lee Shoptaw

Lee Shoptaw
Assistant

LS:mp



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN